UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FLORIDA HEALTH SCIENCES CENTER INC. d/b/a Tampa General Hospital,<br><br>    Defendant. | CASE NO. 8:23-cv-00456<br><br>(CLASS ACTION) |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff John Doe ("Plaintiff") respectfully moves for leave to proceed under a pseudonym.[1]

### I.    INTRODUCTION

Plaintiff alleges Defendant Florida Health Sciences Center Inc. d/b/a Tampa General Hospital ("TGH") improperly disclosed to Meta Platforms, Inc. ("Meta") his protected health information ("PHI") and other personally identifiable information ("PII"), such as his IP address, name, email, or phone number, by incorporating the "Meta Pixel" on the TGH website. Compl., ECF No. 1-1 ¶¶ 6-7.

---

[1] In lieu of responding to TGH's May 3, 2023 *Motion to Compel Plaintiff to Either Proceed Under His Real Name or Move for Leave to Proceed Under a Pseudonym* (ECF No. 26), Plaintiff affirmatively files for leave to proceed under a pseudonym.

Plaintiff has significant concerns about disclosing his identity to the public and having that information associated with his highly sensitive medical conditions and treatment that are described in detail in the Complaint. Plaintiff alleges he has been a patient of TGH since approximately 2015, where he received emergency medical treatment and underwent several surgeries, including gastro by-pass surgery, LAP-Band surgery, and gallbladder removal. Compl., ¶ 11. Plaintiff also alleges that he was last seen at TGH in December 2022. *Id.*

Several courts throughout the country, including in actions involving the Meta Pixel, have permitted plaintiffs to proceed under a pseudonym in similar circumstances, including because the association between one's name and their medical treatment and conditions presents a "high degree of harm" as this information can be used (either alone or in combination with other information) to commit identity theft or medical identity theft. *See, e.g., Doe v. ProHealth Care*, No. 23-cv-0296 (BHL), 2023 WL 2760644, at *1 (E.D. Wis. Apr. 3, 2023) (holding that there is a "high degree of harm if Doe is not allowed to proceed anonymously" because the "publication of his real name alongside any of his improperly released PII and PHI would make him a prime target for identity theft, medical identity theft, fraud and financial loss, discrimination, stigma, mental anguish, and other negative consequences.") (quotation omitted); *see also In Re: Meta Pixel Healthcare Litigation*, No. 22-cv-03580 (WHO), ECF No. 141 at 20:13-19 (N.D. Cal. Nov. 9,

2022) ("I'm concerned about health information because I think that is a -- the kind of thing that a Facebook -- a reasonable Facebook user would be shocked to realize that if what the plaintiffs are saying is true … I think it's a big problem, that there's not a specific consent.").

This concern is especially heightened as Plaintiff has received treatment at TGH as recently as December 2022. Compl., ¶ 11. The disclosure of Plaintiff's identity presents the additional risk that it could affect his relationship and dealings with his medical providers at TGH and elsewhere. *See Doe v. Franklin Bank, S.S.B.* No. A-08-CA-293 LY, 2008 WL 11334179, at *4 (W.D. Tex. Sept. 3, 2008) (explaining "matters of [one's] own personal health" are "clearly matters considered intimate" and permitting plaintiff to proceed under a pseudonym because the disclosure of his identity may impact "dealings with future employers.").

Separately, allowing Plaintiff to proceed under a pseudonym is warranted because the information TGH disclosed (as described in the Complaint) was never intended to be shared in the first instance, and forcing Plaintiff to reveal even more PII about himself to rectify that disclosure would have a chilling effect on pursuing these types of claims. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617 (LHK) (NC), 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016) (explaining requiring a person to "disclose even more personal information" simply to "get relief for the [disclosure] of one's personal information" would "deter current and future

[plaintiffs] . . . from pursuing relief."); *see also ProHealth Care*, 2023 WL 2760644, at *1 (explaining it is "noteworthy that public disclosure of Doe's identify might cause him to incur the injury litigated against.") (quotation omitted).

For these reasons, the Court should allow Plaintiff to proceed under a pseudonym. To address any concerns the Court or TGH may have in allowing Plaintiff to do so, Plaintiff is willing to provide his identity to TGH subject to a stipulated protective order (and also *in camera* to the Court, if required) so that TGH may adequately investigate Plaintiff's claims in discovery.

## II. LEGAL STANDARD

Although case captions generally must name all parties to the litigation, "[a] party may proceed anonymously" in cases "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 5722173, at *1 (M.D. Fla. Nov. 5, 2019) (quotation omitted). A party may proceed under a pseudonym by establishing "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quotation omitted).

Under this standard, this Court has previously found that "[i]n resolving whether privacy interests outweigh the public interest in disclosure" a court "must

4

consider at least: (1) whether the plaintiff who requests anonymity challenges governmental activity; (2) whether prosecution of the action compels a plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff must disclose an intent to engage in illegal conduct and by the disclosure risk criminal prosecution." *Navy Seal 1 v. Austin*, No. 8:21-cv-2429, 2022 WL 520829, at *1 (M.D. Fla. Feb. 18, 2022) (Merryday, *J.*).

A court should also "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quotation omitted). Thus, "[w]hether a party's right to privacy outweighs the presumption of openness is a totality-of-the-circumstances question." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quotation omitted).

### III.   ARGUMENT

**Plaintiff's Privacy Interests Outweighs the Interest in Disclosure**

For the reasons described herein, compelling Plaintiff to reveal his identity would cause the disclosure of "information of the utmost intimacy"—namely—the identity associated with his highly sensitive and confidential medical data described in the Complaint. A pseudonym is warranted because Plaintiff's privacy interests in this information, and the risks associated with its disclosure, is so substantial that it outweighs any interest the public may have in this information. *See ProHealth Care*,

2023 WL 2760644, at *1 (allowing plaintiff whose health data was intercepted through Meta Pixel to proceed anonymously because forcing plaintiff to reveal his identity presented "the potential for a high degree of harm"); *see also Navy Seal 1*, 2022 WL 520829, at *1 (granting a pseudonym when the "plaintiff[] point[s] to an array of recent and current actions similar to, or nearly the same as, this action that permit pseudonyms for the same reasons that plaintiffs advance.").

### A. Disclosure of Plaintiff's Identity Presents a Concrete Risk of Wide-Ranging Additional Harms

Information about a person's health is among the most sensitive and sacrosanct information in our society and the mishandling of such data can have serious consequences. Recognizing this, the U.S. Department of Health and Human Services ("HHS") established the HIPAA "Standards for Privacy of Individually Identifiable Health Information" (the "Privacy Rule") governing how health care providers must safeguard and protect such information. Under the HIPAA Privacy Rule, no health care provider may disclose a person's personally identifiable protected health information to a third party without express written authorization.

The PHI and PII that TGH sent to Meta through the Meta Pixel fall within HIPAA's Privacy Rule and included information about Plaintiff "of the utmost intimacy"—namely, Plaintiff's and Class members' IP address, name, email, or phone number, medical conditions, prescriptions, appointments, specific treatment, and messages to health care providers. Compl., ¶¶ 6-7. Such information allowed a

6

third party (*i.e.*, Meta) to know that Plaintiff was seeking medical care, searching particular ailments or treatments, was interested in certain treatments, and a host of other protected health information. TGH's actions constitute an extreme invasion of Plaintiff's right to privacy and violate state statutory and common law as enumerated in the Complaint.

The public disclosure of Plaintiff's identity associated with his PII and PHI that TGH disclosed to Meta would only increase the harms that have already been foisted upon him as a result of TGH's decision to embed the Meta Pixel on its website. For example, the "publication of [Plaintiff's] real name alongside any of his improperly released PII and PHI would make him a prime target for identity theft, medical identity theft, fraud and financial loss, discrimination, stigma, mental anguish and other negative consequences." *ProHealth Care*, 2023 WL 2760644, at *1 (quotation omitted). This is not conjecture or speculation—Plaintiff has already received targeted advertisements relating to his medical conditions and treatments for which he was treated for at TGH as a result of TGH's incorporation of the Meta Pixel. Compl., ¶ 15. That other third parties may use this information, either for advertising or medical identity theft, among other things, is a concrete harm justifying proceeding anonymously in this Action.

Indeed, many of these concerns were detailed as recently as December 2022 in an HHS bulletin entitled *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*:[2]

> An impermissible disclosure of an individual's PHI not only violates the Privacy Rule but also may result in a wide range of additional harms to the individual or others. **For example, an impermissible disclosure of PHI may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI**. Such disclosures can reveal incredibly sensitive information about an individual, including diagnoses, frequency of visits to a therapist or other health care professionals, and where an individual seeks medical treatment.

Forcing Plaintiff to reveal his identity also presents an additional risk that it will impact his future dealings with TGH, its staff, and even future medical providers. *See Franklin Bank, S.S.B.*, 2008 WL 11334179, at *4 (explaining "matters of [one's] own personal health" are "clearly matters considered intimate" and permitting plaintiff to proceed under a pseudonym because the disclosure of his identity may impact "dealings with future employers.").

Thus, Plaintiff seeks a pseudonym not solely because of his health status, his medical condition(s), or the nature of the types of procedures he underwent (*see* Compl., ¶ 11), but because the disclosure of this sensitive health information linked

---

[2] *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, U.S. Dep't of Health and Human Servs. (Dec. 1, 2022), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (emphasis added).

to his identity carries with it the very risks and harms articulated in *ProHealth Care*, including those described by HHS in their *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*.[3] *See ProHealth Care*, 2023 WL 2760644, at *1.

### B. Disclosure of Plaintiff's Identity Would Have a Chilling Effect on Future Litigation to Rectify These Types of Harms

"There is an Orwellian irony to the proposition that in order to get relief for a theft of one's personal information, a person has to disclose even more personal information." *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11505231, at *1. Courts routinely recognize that it is improper to force a plaintiff to reveal PII to obtain relief for the disclosure of their PII in the first instance. *See id.* (explaining requiring a person to "disclose even more personal information" would "deter current and future [plaintiffs] . . . from pursuing relief."); *see also ProHealth Care*, 2023 WL 2760644, at *1 (explaining it is "noteworthy that public disclosure of Doe's identify might cause him to incur the injury litigated against.") (quotation omitted).

Indeed, the Eleventh Circuit opined in *Doe v. Frank*, "[a] plaintiff should be permitted to proceed anonymously…where the injury litigated against would be

---

[3] *See also Roe v. Cath. Health Initiatives Colorado*, No. 11-cv-02179 (WYD) (KMT), 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012) (granting use a of pseudonym when the court was "concerned with [p]laintiff's argument that, if she is forced to litigate her privacy claims under her own name, she would be required to publicly disclose the confidential medical information allegedly unlawfully gathered").

9

incurred as a result of the disclosure of the plaintiff's identity." 951 F.2d 320, 324 (11th Cir. 1992).[4] A pseudonym is appropriate here because the very purpose of this case is to stop TGH from disclosing Plaintiff's PHI and PII without his consent. Here, the disclosure of Plaintiff's identity would exacerbate the privacy violations underlying this lawsuit and have a chilling effect on future litigation to deter similar misconduct.

### C. Neither Defendant nor the Public Would be Harmed if Plaintiff Were Allowed to Proceed Under a Pseudonym

Proceeding under a pseudonym is further warranted because there is no harm whatsoever to TGH or the public. As to TGH, Plaintiff's counsel would provide Plaintiff's identity to TGH (subject to a protective order) for preservation and discovery purposes. That information could be redacted from any filings without the entire case needing to be sealed. Other courts have adopted this approach, finding that a protective order when using a pseudonym strikes an appropriate balance in protecting a plaintiff's privacy rights and allowing a defendant to investigate plaintiff's claims. *See, e.g., Navy Seal 1*, 2022 WL 520829, at *2 (granting motion to proceed under a pseudonym since a protective order would "ensure[] interim

---

[4] *See M.J. v. Jacksonville Hous. Auth.*, No. 3:11-cv-771-J-37MCR, 2011 WL 4031099, at *3 (M.D. Fla. Sept. 12, 2011) (quoting *Doe v. Frank*, 951 F.2d at 324 n. 6) ("The Eleventh Circuit Court of Appeals, in distinguishing [*Roe v. Ingraham*, 364 F.Supp. 536 (S.D.N.Y.1973)] in *Frank* said that the anonymity was allowed 'because the injury litigated against—disclosure of plaintiff's name—would be incurred as a result of the disclosure of the plaintiff's identity in the complaint.'").

protection for the defendants against any fundamental unfairness."); *ProHealth Care*, 2023 WL 2760644, at *1 ("there is virtually no prejudice on the other side because Doe has promised to reveal his true identity to ProHealth Care so that it can adequately investigate his claims."); *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 6:17-cv-218-ORL-28TBS, 2018 WL 2017535, at *2 (M.D. Fla. May 1, 2018) (allowing anonymity when "[p]laintiffs … intend to share their identities with [d]efendants in a non-public manner"); *Doe v. Rickey Patel, LLC*, No. 6:19-cv-2414-ORL-40LRH, 2020 WL 9073327, at *2 (M.D. Fla. Mar. 4, 2020) (finding that there is no "unique threat of unfairness to the [d]efendants" when plaintiff "agreed to disclose her identity to the [d]efendants on the condition that they do not disclose it to the general public"); *S.G. v. Mears Transp. Grp., Inc.*, No. 6:14-cv-917-ORL-37KRS, 2014 WL 4637139, at *1 (M.D. Fla. Aug. 12, 2014) (same).[5]

Similarly, the public would also not be harmed if Plaintiff were allowed to proceed with a pseudonym. As one district court explained, "although the issues in the Amended Complaint may be of some interest to the public, Doe's use of a pseudonym will not interfere with the public's right or ability to follow the

---

[5] *See also Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 470 (E.D. Pa. 1997) ("a protective order should be entered in order to enable plaintiff to proceed in pseudonym…[d]efendant has not demonstrated that its ability to prepare its case will be prejudiced by the entry of a protective order that maintains plaintiff's anonymity. The protective order, which this Court enters today, protects defendant's right to conduct discovery without being unduly limited in this pursuit.").

11

proceedings. Indeed, this Court intends to keep the proceeding open to the public while still maintaining the confidentiality of plaintiff's identity." *Provident Life & Accident Ins. Co.*, 176 F.R.D. at 468; *see also Navy Seal 1*, 2022 WL 520829, at *2 (explaining the "public's interest in this action is satisfied by the facts patent in the record" and that "[t]he names add nothing substantial"). Here, Plaintiff does not seek case sealing or any other mechanism to prevent public access to court proceedings. Accordingly, allowing Plaintiff to proceed pseudonymously will not restrict the public's ability to see the evidence and arguments presented in the case.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grants his motion to proceed under a pseudonym.

Dated: May 17, 2023          */s/ Nicholas A. Colella*
Nicholas A. Colella
FL Bar No. 1002941
Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
nickc@lcllp.com
gary@lcllp.com
jamisen@lcllp.com

Christian Levis (admitted *pro hac vice*)
Amanda G. Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601

12

Telephone: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA
Telephone: (215) 399-4770
achristina@lowey.com

*Counsel for Plaintiff John Doe*

## LOCAL RULE 3.01(g) CERTIFICATION

We certify that on May 17, 2023, we conferred with opposing counsel by telephone in a good faith effort to resolve this Motion. The Motion is opposed.

*/s/ Nicholas A. Colella*
Nicholas A. Colella

## CERTIFICATE OF SERVICE

We certify that on May 17, 2023, we electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, thereby serving this document on all attorneys of record in this case.

*/s/ Nicholas A. Colella*
Nicholas A. Colella
