UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WOJCIECH LASKOWSKI,

    Plaintiff,

v.                                      CASE NO. 8:23-cv-0456-SDM-CPT

FLORIDA HEALTH SCIENCES
CENTER, INC.,

    Defendant.
_____/

**ORDER**

In this putative class action, Wojciech Laskowski moves (Docs. 54 and 59) with Colin Carlsen to stay proceedings and to file an amended complaint that removes class allegations.[1] The defendant responds (Docs. 55 and 60), opposes the stay and leave to file an amended complaint, and argues that the plaintiffs attempt to avoid "properly invoked jurisdiction."

Laskowski sued in the circuit court in Hillsborough County and alleged the unlawful using of Meta tracking technology to intercept Laskowski's private data. The defendant removed (Doc. 1) both this action and Carlsen's action. An order denies (Doc. 20) each plaintiff's motions to dismiss because the plaintiffs wanted to "refine" the class definition, which would impair the defendant's "substantial right" to

---

[1] Carlsen is the plaintiff in a related action, Case No. 8:23-cv-00559-SDM-CPT. In *Carlsen*, the plaintiffs move to stay (Doc. 39) and to file an amended complaint (Doc. 42). In *Laskowski*, Laskowski filed the same motion to stay (Doc. 54) and motion to amend the amended complaint (Doc. 59). Carlsen and Laskowski are both Florida residents.

remove the action under the Class Action Fairness Act (CAFA). On August 10, 2023, other persons, who retain the same counsel as the plaintiffs, filed in Florida's Thirteenth Judicial Circuit a class action that asserts the same claims as the plaintiffs against the defendant in this action. The proposed class in the state court action[2] is "all citizens of the State of Florida whose communications and/or data was intercepted by Meta while using the TGH website." The proposed class in this action is "all natural persons in the State of Florida whose personal information was collected through the Facebook Tracking Pixel." Because the plaintiffs are potential class members in the state court action, the plaintiffs wish to pursue individual claims in federal court. On September 26, 2023, an order stayed the state court action pending a decision in federal court.

Rule 15(a), Federal Rules of Civil Procedure, permits a party to amend a pleading when "justice so requires" if the amendment causes no undue prejudice to the opposing party. The plaintiffs argue that amending the complaint "avoid[s] any doubt" about each plaintiff's desire to not pursue a class action in federal court. The proposed amended complaint (Doc. 42-1) deletes all references to class members and allegations and erases the basis for jurisdiction and venue. The defendant argues that the plaintiffs act in bad faith to gain a tactical advantage because amending the complaint to remove the class allegations eliminates diversity jurisdiction and forces the defendants to litigate in state court.

---

[2] The state action, *Jewell et al v. Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital*, Case No. 23CA014439 (13th Judicial Circuit), has certified no class.

The plaintiffs adduce little to support their desire to the amend the complaint beyond avoiding the federal forum. Permitting the plaintiffs to amend the complaint to destroy class allegations and erase federal jurisdiction, only after removal, would defeat the purpose of diversity jurisdiction. *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Also, "CAFA jurisdiction is . . . not destroyed by post-filing changes to party citizenship, but only by discovery that the parties were not actually diverse at the time the operative complaint was filed." *Wright Transportation, Inc. v. Pilot Corp.,* 841 F.3d 1266, 1271 (11th Cir. 2016) (citing *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010), which finds that "[j]urisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations"). CAFA removal cases "cannot be ousted by later events," like a plaintiff's post-removal amendments to affect jurisdiction. *Wright Transportation*, 841 F.3d at 1272 (citing *In re Burlington,* 606 F. 3d at 381).

Because amending the complaint as requested by the plaintiffs would unduly prejudice the defendant, the plaintiffs' motion (Doc. 59) to file an amended complaint is **DENIED.** Laskowski's motion (Doc. 54) and Carlsen's motion (Doc. 39) in Case No. 8:23-cv-00559-SDM-CPT to stay proceedings are **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on December 4, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE